**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEAH TINGLER<br>5012 Constitution Avenue<br>Harrisburg, PA 17109 | : | CIVIL ACTION |
| | : | |
| | : | No. _____ |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA<br>89e Capitol East Wing<br>Harrisburg, PA 17120  and | : | |
| | : | |
| | : | |
| | : | |
| PENNSYLVANIA STATE SENATE<br>89e Capitol East Wing<br>Harrisburg, PA 17120  and | : | |
| | : | |
| | : | |
| | : | |
| JUSTIN FERRANTE<br>10 Rebecca Drive<br>York haven, PA 17370 | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.    Introduction

1.    Plaintiff has initiated the instant action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, and other applicable federal and state law.  She asserts that Defendants illegally subjected her to sexual harassment and discrimination.

### II.    Jurisdiction and Venue

2.    The instant action is initiated pursuant to Title VII of the Civil Rights Act of 1964, as amended, and applicable state law.  This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for

the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

3.      The United States District Court for the Middle District of Pennsylvania may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.  The Court may also maintain supplemental jurisdiction over any state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4.      Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants either reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Middle District of Pennsylvania at the time of the unlawful actions set forth herein).

### III.    Parties

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff Keah Tingler (hereinafter "Plaintiff") is an adult individual and citizen of the United States with an address as set forth above.

7.      Defendants Commonwealth of Pennsylvania and Pennsylvania State Senate are governmental organizations with an address as set forth above.

8.      Defendant Justin Ferrante is a former Security Supervisor for the Pennsylvania State Senate, and maintains an address as set forth above.  At all times relevant herein, Defendant

Ferrante was an agent, servant and employee of Defendants Commonwealth of Pennsylvania and Pennsylvania State Senate and also served as Plaintiff's supervisor.

9.    At all times relevant herein, Defendants Commonwealth of Pennsylvania and Pennsylvania State Senate acted through their agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

10.    Defendant Commonwealth of Pennsylvania and Pennsylvania State Senate are each "employers" within the meaning of Title VII because they are engaged in an industry affecting commerce and because they maintain or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

11.    Defendants Commonwealth of Pennsylvania and Pennsylvania State Senate are not immune from Plaintiff's Title VII claims under the Eleventh Amendment because Congress has (since 1972) specifically abrogated the states' Eleventh Amendment immunity to private suits under Title VII, and has authorized federal courts to award money damages in favor of private individuals against state governments found to have engaged in discrimination that violates Title VII. *See, e.g., Fitzpatrick v. Bitzer,* 427 U.S. 445,447-48 (1976).

### IV.    Procedural and Administrative Requirements

12.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.    Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964 as follows:

       a.    Plaintiff filed a timely written charge of discrimination against Defendants with the Equal Employment Opportunity Commission alleging sexual harassment and discrimination;

      b.      The Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff on the foregoing charge on or about March 26th, 2018;

      c.      The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

      d.      Plaintiff also cross-filed the aforementioned charges of discrimination with the Pennsylvania Human Relations Commission, and may amend this Complaint to assert a claim under the Pennsylvania Human Relations Act when that claim is ripe;

### V.    **Factual Background**

14.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.    Plaintiff is female.

16.    Plaintiff has been employed by the Senate of Pennsylvania/Commonwealth of Pennsylvania for over seventeen years.

17.    Plaintiff worked in the security office for sixteen years, and then in the document room beginning in November of 2016.

18.    Defendant Ferrante, a Security Supervisor in the employ of Defendants Commonwealth of Pennsylvania/Senate of Pennsylvania, sexually harassed Plaintiff on a continuing and regular basis.

19.    Defendant Ferrante's conduct included text messages, calls, and sending pictures, using his senate-issued telephone.

20.    By way of example only, Defendant Ferrante's conduct also included the following:

    a.  Defendant Ferrante would send Plaintiff photographs from the bathroom of feces in the commode and would throw his wet paper towel at her while she was at her desk after using the toilet, hitting her with them most of the time;

b. Defendant Ferrante once blew a compressed air can on Plaintiff's neck and left a burn.

c. Defendant Ferrante also knocked items off Plaintiff's desk and laughed, and changed her screen saver to a picture of feces with eyeballs;

d. Defendant Ferrante would also tell Plaintiff to come back in his office and roll on the floor;

e. When Defendant Ferrante would tuck in his shirt before going into session as he was walking out his office door into the reception area where I was he would ask Plaintiff "would you like to touch my balls?"

f. Plaintiff was also present and saw a photograph Ferrante sent of his genitals (on information and belief, using his senate phone) to her and Assistant Director of Security Susan Salov on April 26th, 2017.

21.     Plaintiff attended a rehabilitation facility and returned in January of 2016, at which time Ferrante told Senate  Secretary Megan Martin that Plaintiff going to rehab was a once and done thing, meaning Secretary Megan Martin would not approve her for leave again if she would ever need to  go back to rehab.

22.     Although Plaintiff loved her job, she was transferred to the document room and was told this was a "promotion", although there was no raise or increase in responsibility with the new job. Her replacement in the security office earned more money than she did.

**COUNT ONE**
**TITLE VII VIOLATIONS**
**SEXUAL HARASSMENT AND DISCRIMINATION**
**PLAINTIFF v. DEFENDANT COMMONWEALTH AND DEFENDANT SENATE**

23.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

24.     In knowingly engaging in, allowing, permitting and encouraging a pervasive and ongoing pattern of sexual harassment against Plaintiff as aforesaid, Defendants, by and through their agents,

engaged in and failed to stop a pattern of unlawful sexual harassment against Plaintiff by Defendant Ferrante.

25.     The foregoing harassment would offend a reasonable person and did in fact offend Plaintiff.

26.     The foregoing harassment of Plaintiff was severe and adversely affected the terms and conditions of her employment.

27.     Defendants were aware of the foregoing harassment but nonetheless failed to take corrective action to stop same.

28.     As a direct and proximate result of the foregoing sexual harassment and discrimination, Plaintiff suffered the damages set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

## COUNT TWO
## CIVIL RIGHTS VIOLATIONS
## 42 U.S.C. § 1983
## PLAINTIFF v. DEFENDANT FERRANTE

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Defendant Ferrante acted under color of state law to deprive Plaintiff of rights secured to her under the United States and Pennsylvania Constitutions in sexually harassing Plaintiff, retaliated against Plaintiff for complaining of sexual harassment, and otherwise interfered with her exercise of rights guaranteed to her by the United States and Pennsylvania Constitutions.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF v. ALL DEFENDANTS

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in

full.

32.     In intentionally and willfully engaging in the foregoing acts of sexual harassment and

retaliation against Plaintiff, Defendants intentionally inflicted severe emotional distress upon

Plaintiff, causing physical, mental and other impacts upon Plaintiff.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the

instant Complaint, *infra.*

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in her favor and against
Defendants and that it enter an Order providing that:

A.      Defendants are to be permanently enjoined from discriminating or retaliating against

Plaintiff on any basis forbidden by Title VII of the Civil Rights Act of 1964, as amended,

the Pennsylvania Human Relations Act, and other applicable federal and state law;

B.      Defendants are to promulgate and adhere to a policy prohibiting retaliation for Title VII -

protected activity, gender discrimination, and sexual harassment;

C.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for

any and all pay and benefits Plaintiff would have received had it not been for their illegal

actions, including but not limited to back pay, front pay, salary, pay increases, bonuses,

insurance, benefits, training, promotions, reinstatement, and seniority.

D.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and

humiliation caused by the actions of Defendants;

E.   Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter them and/or other persons or entities from engaging in such misconduct in the future;

F.   Plaintiff is to be accorded all such other legal and/or equitable relief as the Court deems just proper, and appropriate;

G.   Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H.   Plaintiff be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendants do not engage in unlawful retaliation against Plaintiff or other witnesses to this action;

I.   That the Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

J.   Plaintiff's claims against Defendants are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).


Respectfully submitted,

KOLMAN ELY, P.C.

BY: _____

Wayne A. Ely
Attorney for Plaintiff
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

June 22, 2018